1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11   LOUIS JENKINS,                          )   Case No.: 1:14-cv-00737-AWI-SAB (PC)
                                             )
12                    Plaintiff,             )
                                             )   FINDINGS AND RECOMMENDATION
13            v.                             )   RECOMMENDING DISMISSAL OF
                                             )   COMPLAINT FOR FAILURE TO STATE A
14   RICK HILL, et al.,                      )   COGNIZABLE CLAIM UNDER SECTION
                                             )   1983
15                    Defendants.            )
                                             )   [ECF No. 1]
16 _____ )

17            Plaintiff Rick Hill is appearing pro se  and in forma pauperis in this civil rights action pursuant

18   to 42 U.S.C. § 1983.

19            Plaintiff filed the instant complaint on May 15, 2014.

20                                          **I.**

21                          **SCREENING REQUIREMENT**

22            The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

26   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

27            A complaint must contain "a short and plain statement of the claim showing that the pleader is

28   entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

                                             1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

### COMPLAINT ALLEGATIONS

Plaintiff contends that his due process rights were violated based on the denial of an evidentiary hearing in the state court to correct his sentence of 25 years to life. Plaintiff requests access to evidence in the original finding of the state court to be made a matter of record for the determination of unsuitability for an increased sentence. Plaintiff contends that there was no valid filing of an information in the Merced County Superior Court and the imposed sentence is unauthorized and void.

Plaintiff sought review by way of petition for writ of habeas corpus to the state superior court, state appellate court, and California Supreme Court. Plaintiff alleges the failure to correct his unlawful conviction and sentence has resulted in a fundamental miscarriage of justice.

///

///

///

2

### III.

### DISCUSSION

Plaintiff's challenge to his conviction and/or sentence is not cognizable in this action.   A plaintiff may not in a civil rights action challenge a conviction or seek release from confinement. Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Further, in Heck v. Humphrey, 512 U.S. 477, (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a section 1983 Plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  Heck v. Humphrey, 512 U.S. at 486-487.  In section 1983 suits the Court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.  The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 644-646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the hearing).

The fact that the state courts denied Plaintiff's writ of habeas corpus petitions does not provide a basis to seek relief by way of section 1983, because absent a showing the conviction and/or sentence was invalidated, not present here, Plaintiff's sole remedy to challenge such conviction and/or sentence is by way of petition for writ of habeas corpus.  Thus, the instant complaint must be dismissed, without prejudice, and without leave to amend as amendment in this instance would be futile.  See

Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (declining to convert civil rights complaint barred by Heck into habeas petition; to do so might foreclose effective review of habeas claims not asserted in civil rights action); see also McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004) (affirming dismissal of civil rights complaint without leave to amend where amendment would have been futile due to Heck bar).

## IV.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that the instant complaint be dismissed, without prejudice, and without leave to amend, for failure to state a cognizable claim under section 1983.  Should Plaintiff wish to pursue his claims he must do so by way of petition for writ of habeas corpus.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2014**

UNITED STATES MAGISTRATE JUDGE

4